**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANGELA KOLEBUCK-UTZ individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHITEPAGES INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Angela Kolebuck-Utz ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Whitepages, Inc. ("Whitepages" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

<u>**NATURE OF ACTION**</u>

1. Defendant owns and operates a website that sells "background reports" on people to the general public.

2. Defendant sells its reports on its website: www.whitepages.com.

3. Upon accessing Whitepages' website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage .

1    4.     After entering this information, any public user of Whitepages' website is provided with a listing of search results. Each search result corresponds to an actual person that Whitepages has located who matches the name provided by the public user.

5.     These search results provide a limited, free preview of Defendant's "Reports." As shown in the images below, this free preview includes the searched individual's name (including middle initials), age, current city and state of residence, the searched individual's relatives, and other identifying information:



CLASS ACTION COMPLAINT
CASE NO.

BURSOR & FISHER, P.A.
888 SEVENTH AVENUE
NEW YORK, NY 10019



6. As shown in the above, Whitepages' free preview provides enough information to identify an individual.

7. The purpose behind Whitepages' free preview is singular: to entice users to purchase Defendant's services. These services include "Premium Contact Info" and "Criminal history and public records" relating to individuals on its database.

8. Whitepages uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve "Profiles" on any individual in its database.

9. In order for a user to view a person's "Report" or other background histories generated by the Defendant, a user needs to purchase Defendant's services. Clicking on "View Full Report," "Unlock Full Report," or "Sign Up" in the above images leads users to a pay screen which presents them with an option to pay for Whitepages' monthly subscription services.

10. Defendant uses Plaintiff's personal identifiable information to entice viewers to purchase Defendant's subscription service with the phrase: "Get these details and more with Premium."  (see screenshot in Paragraph 5)

11. Whitepages' most popular monthly subscription costs $29.98 per month to access and search anyone on its database.

12. Whitepages' monthly subscription allows users to obtain background reports using its services on an unlimited number of individuals per month.

13. Whitepages compiles and generates the content it sells on its website. According to Defendant: "Whitepages offers the most comprehensive contact information and criminal records for a person, compiled from records in all 50 states." (see screenshot in Paragraph 5).

14. Ohio's Right of Publicity law states that: "a person shall not use any aspect of an individual's persona for a commercial purpose." OH ST § 2741.02

15. Neither Plaintiff nor class members provided Defendant with written consent to use their identities in Defendant's advertisements. As detailed above, Whitepages uses class members' identities to advertise its for-profit services. Thus, Defendant violates Ohio Revised Code Sec. 2741.01, *et. seq.*

16. It would be simple for Whitepages to maintain their business model while still complying with state law. For example, Whitepages could merely display the names of the searched individuals – without more identifying information – in their advertisements for their services. Or Whitepages could display the names of the searched individuals without using the names to advertise their subscription service.

## **PARTIES**

17. Plaintiff Angela Kolebuck-Utz formerly known as Angela Kolebuck is a citizen of Ohio who resides in Toledo, Ohio.

18. Defendant Whitepages, Inc. is a Delaware corporation with its principal place of business located in Seattle, Washington.

## **JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different from Whitepages.

20. This court has general personal jurisdiction over Defendant because Whitepages maintains their principal place of business in Washington state.

21. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Additionally, Defendant maintains their principal place of business in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

22. Plaintiff Kolebuck-Utz discovered that Whitepages uses her name, age, city of domicile, and the identity of her relatives in advertisements on the Whitepages website to advertise and/or actually sell Defendant's products and services.  These advertisements were the same or substantially similar to those shown in Paragraph 5.

23. Plaintiff Kolebuck-Utz believes that it is reasonable for others to identify her because Defendant's advertisements include accurate details about her.

24. Indeed, Plaintiff Kolebuck-Utz can confirm that the individual Defendant identified in paragraph 5 is herself.

25. Plaintiff Kolebuck-Utz never provided Whitepages with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

26. Plaintiff Kolebuck-Utz is not and has never been a Whitepages customer.  She has no relationship with Whitepages whatsoever.

27. As the subject of a commercial transaction, Plaintiff Kolebuck-Utz's personal identifiable information disclosed by Whitepages has commercial value.  These aspects of Plaintiff Kolebuck-Utz's persona are valuable to online advertisers among others.  Consumers regularly pay Defendant for this personally identifiable information.

28. Plaintiff Kolebuck-Utz has not been compensated by Whitepages in any way for its use of her identity.

## CLASS REPRESENTATION ALLEGATIONS

29. Plaintiff seeks to represent a class defined as all Ohio residents who have appeared in an advertisement preview for a Whitepages report (the "Class").

30. Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the millions.  The

precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

31. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

  a. Whether Whitepages' uses class members' names and identities in advertisements for its own commercial benefit;

  b. Whether the conduct described herein constitutes a violation of Ohio Revised Code Sec. 2741.01, *et. seq.;*

  c. Whether Plaintiff and the class are entitled to injunctive relief;

  d. Whether Defendant was unjustly enriched; and

  e. Whether Defendant violated the privacy of members of the class.

32. The claims of the named Plaintiff are typical of the claims of the Class.

33. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

34. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

<u>**COUNT I**</u>
**Violation of Ohio Revised Code Sec. 2741.01,** *et. seq.*

35. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

36. Plaintiff brings this claim individually and on behalf of the members of the Class.

37. Ohio Revised Code Sec. 2741.01, *et. seq.,* prohibits using an individual's name for advertising or soliciting the purchase of products or services without written consent.

38. As shown above, Whitepages used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

39. The aspects of Plaintiff's persona that Whitepages uses to advertise its product has commercial value.

40. Plaintiff is domiciled in Ohio.

41. Defendant had knowledge that Plaintiff's persona was being used in an advertisement without authorization.

42. Based upon Whitepages' violation of Ohio Revised Code Sec. 2741.01, *et. seq.*, Plaintiff and class members are entitled to (1) an injunction requiring Whitepages to cease using Plaintiff's and members of the class' names and any attributes of their identities to advertise its products and services, (2) statutory damages in the amount of between $2,500 and $10,000 per violation to the members of the class, (3) an award of punitive damages or exemplary damages, and (4) an award of reasonable attorney's fees, court costs, and reasonable expenses under OH ST § 2741.07.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

# DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 15, 2021        Respectfully submitted,

**CARSON NOEL PLLC**

By:   */s/ Wright A. Noel*
         Wright A. Noel

Wright A. Noel (State Bar No. 25264)
20 Sixth Avenue NE
Issaquah, WA 98027
Tel: (425) 837-4717
Fax: (425) 837-5396
E-Mail: wright@carsonnoel.com

|    |    |
|----|----|
| 1  | **BURSOR & FISHER, P.A.** |
| 2  | Philip L. Fraietta (*Pro Hac Vice* Forthcoming) |
|    | 888 Seventh Avenue |
| 3  | New York, NY 10019 |
|    | Telephone: (646) 837-7150 |
| 4  | Facsimile:  (212) 989-9163 |
|    | E-Mail: pfraietta@bursor.com |
| 5  |    |
|    | *Attorneys for Plaintiff* |
| 6  |    |

CLASS ACTION COMPLAINT           BURSOR & FISHER, P.A.
CASE NO.                                                  888 SEVENTH AVENUE
                                                          NEW YORK, NY 10019

-10-